UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JAMES BOWMAN, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) ) | 09 C 5444 |
| NEDRA CHANDLER, Warden, DIXON CORRECTIONAL CENTER, | ) ) ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

Before the court is Petitioner James Bowman's petition for federal habeas relief. For the reasons stated below, we dismiss the petition as untimely.

## BACKGROUND

In October 2003, a jury in the Cook County Circuit Court convicted Petitioner James Bowman ("Bowman" or "Petitioner") of reckless homicide and aggravated driving under the influence of alcohol. On December 15, 2003, the trial court sentenced Bowman to concurrent sentences of 14 years' imprisonment for reckless homicide and 12 years' imprisonment for aggravated driving under the influence. Bowman appealed, but the Illinois Appellate Court affirmed his conviction and sentence on April 20, 2005. *People v. Bowman*, 827 N.E.2d 1062, 1077 (Ill. App. Ct. 2005). The Illinois Supreme

Court denied Bowman's petition for leave to appeal the appellate court's ruling on September 29, 2005. Bowman did not file a petition for a writ of certiorari with the United States Supreme Court.

Bowman filed a petition for state post-conviction relief in on June 28, 2006. Cook County Circuit Court Judge Kenneth Wadas dismissed Bowman's petition on January 18, 2007. The Illinois Appellate Court affirmed the dismissal of Bowman's post-conviction petition on September 2, 2008. Bowman did not file a petition for leave to appeal with the Illinois Supreme Court.

Petitioner filed this present petition for federal habeas relief on September 2, 2009. Respondent Nedra Chandler ("Chandler" or "Respondent") answered the petition and argues that Bowman's petition should be dismissed as untimely filed under 28 U.S.C. § 2244.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This one-year period begins upon the latest of the following: (a) the date the judgment became final or the expiration of time for seeking direct review; (b) the date on which an impediment to filing created by state action in violation of the United

States Constitution or laws is removed; (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (d) the date on which the factual predicate of the claim presented could have been discovered by exercise of due diligence. 28 U.S.C. § 2244(d)(1); *Balsewicz v. Kingston*, 425 F.3d 1029, 1031-32 (7th Cir. 2005). This limitations period is tolled, however, during the period in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

### DISCUSSION

Respondent contends that Bowman's petition should be dismissed as untimely because it was filed six months after the limitations period expired. Bowman's habeas petition was due one year from the day his judgment became final. 28 U.S.C. § 2244(d)(1)(A). On direct review, the Illinois Supreme Court denied Bowman's petition for leave to appeal on September 29, 2005. Bowman did not file a petition for writ of certiorari with the United States Supreme Court, so his conviction became final ninety days later on December 28, 2005. *Lo v. Endicott*, 506 F.3d 572, 574 (7th Cir. 2007). One hundred and eighty two days of the one year limitations period elapsed before Bowman filed a petition for state post-conviction relief on June 28, 2006. The remaining 183 days of the limitations time period were tolled until September 2, 2008, when the state appellate court affirmed the dismissal of Bowman's post-conviction

petition. 28 U.S.C. § 2244(d)(2); *see also Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000) (holding that filing period for subsequent level of review of state post-conviction petition not included in calculation of tolling period under 28 U.S.C. § 2244(d)(2) when petitioner declined to seek review). The filing of a valid state post-conviction petition does not restart the AEDPA filing period, so Bowman had 183 days, or until March 4, 2009, to file a federal habeas petition under the statute. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). He did not file his petition until 6 months after the deadline had passed.

Bowman acknowledges the tardiness of his petition but argues that he is entitled to equitable tolling of the AEDPA statute of limitations. "Equitable tolling is rarely granted." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). To demonstrate his eligibility for equitable tolling, Bowman must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way that prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Bowman contends that his inability to understand the statute of limitations constitutes an extraordinary circumstance that renders him eligible for equitable relief. Bowman's unfamiliarity with the relevant limitations period does not provide grounds for equitable tolling. *See Tucker,* 538 F.3d at 735 ("[L]ack of legal expertise is not a basis for invoking equitable tolling"). Because Bowman has not shown that an extraordinary

circumstance prevented timely filing of his petition in this case, equitable tolling is not warranted in this case.

Bowman did not file his petition for a writ within the statute of limitations. We therefore dismiss his petition as untimely.

## CONCLUSION

Based on the foregoing analysis, Bowman's petition for writ of habeas corpus is dismissed with prejudice.

Charles P. Kocoras
United States District Judge

Dated: June 2, 2010